```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------ X
MARIA DO ROSARIO VEIGA,              :
                                     :
                    Plaintiff,       :
                                     :      07 CIV 3182(VM)
                                     :
         - against -                 :
                                     :      ORDER
WORLD METEOROLOGICAL ORGANIZATION    :
et al.,                              :
                                     :
                    Defendants.      :
------------------------------------ X
```

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4-26-07
```

**VICTOR MARRERO, United States District Judge.**

In reviewing the Complaint filed in this matter the Court has noted that plaintiff Maria Do Rosario Veiga ("Plaintiff") asserts that she is a citizen of Portugal and Italy; that she is employed by defendant World Meteorological Organization ("WMO"), which is a body politic headquartered in Geneva, Switzerland; that defendant Michael Jarraud, a French national, is Secretary General of the WMO and a resident of Switzerland; defendant Joachim Muller, a German national, is a Director of the WMO and a resident of Switzerland; defendant Jorge Cortès, an American national, is a Director of the WMO and a resident of Switzerland; and defendant Iwona Rummel-Bulska, a Polish national, is a former legal advisor of the WMO and now a resident of Nairobi, Kenya.  The complaint indicates  that the events that gave rise to the action occurred in connection with Plaintiff's investigations of alleged fraud and embezzlement at the WMO in Switzerland,

defendants' allegedly wrongful responses to Plaintiff's reports of misconduct, and involvement in these matters by Swiss law enforcement authorities. All material communications, conferences and other actions with regard to these matters occurred in Switzerland. There is no indication in the complaint that any of the core operative facts had any genuine or material connection with this District, or with the United States, or that in connection with the relevant events any of the parties had more than marginal links with the United States. Plaintiff's substantive claims for relief are grounded predominantly on various instruments of international law, as well as local and federal law of Switzerland. It therefore appears that in whole or in major part the parties, material events, documents, persons and potential witnesses related to this action are located in Switzerland, and that any valid causes of action Plaintiff may have arose under international law or Swiss laws. Accordingly, it is hereby

    **ORDERED** that to aid the Court's assessment of whether, for the convenience to the parties and witnesses, in the interest of justice and sound judicial administration, venue for this matter more properly lies in another forum, the Court directs Plaintiff to respond by April 30, 2007, in a letter to the Court not to exceed three (3) pages, showing cause why this matter should not be dismissed under the doctrine of

forum nonconveniens. See Turedi v. Coca Cola, 460 F. Supp. 2d 507 (S.D.N.Y. 2006); see also Corporacion Tim, S.A. v. Schumacher, 418 F. Supp. 2d 529 (S.D.N.Y. 2006), aff'd, 2007 WL1120376 (2d Cir. Apr. 17, 2007).

**SO ORDERED.**

DATED:   NEW YORK, NEW YORK
         25 April 2007

_____
Victor Marrero
U.S.D.J.