# MONIKA ONA BILERIS, ESQ.

212 WEST 104 STREET, #40 • NEW YORK, NY 10025
TEL: (917) 826-4588 • FAX: (443) 587-0462

E-MAIL. MONIKA BILERIS@GMAIL.COM

BY FAX TO:

Hon. Victor Marrero, United States District Judge
Suite 660
United States Courthouse
500 Pearl Street
New York, New York 10007

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4-30-07
```

April 30, 2007

RE: <u>Maria Do Rosario Veiga v. World Meteorological Organization, et al. 07 CIV 3182 (VM)</u>

Dear Hon. Marrero;

    Pursuant to your Order dated April 25, 2007, regarding the above captioned case in which Your Honor requests plaintiff to explain why her case should not be dismissed under the doctrine of forum non conveniens, plaintiff below renders her reply.

    Plaintiff recognizes that, though the established opinion regarding plaintiff's choice of forum--that there is a strong presumption in favor of the plaintiff's choice of forum--" <u>Norex Petroleum Ltd. V. Access Indus., Inc.</u>, 416 F.3d 146, 154 (2d Cir. 2005), that she must still satisfy the Court of Appeals' prescribed three-step process to guide a district court's exercise of discretion on forum non conveniens motions: (1) to determine the degree of deference for Plaintiff's choice of forum; (2) to establish whether an alternative forum would adequately adjudicate the dispute; and (3) if there is such an adequate forum, balance the private and public interest factors implicated by the choice of forum. <u>Id.</u> at 153. She feels she can.

    Plaintiff maintains that there is a bona fide connection to the United States that makes the forum a reasonable one for the purposes of this law suit. While the principal defendant named in the above-referenced suit is the World Meteorological Organization ("WMO"), it operates under the larger umbrella of the United Nations, which has its headquarters in New York City. The WMO and its employees belong to the United Nations' so-called "common system", and all its officials subscribe to the United Nations Joint Staff Pension Fund which is also located in New York City. The present day WMO was created under the auspices of the United Nations, and is a "Specialized Agency" of the UN. There are presently sixteen International Government Organizations (IGO's) whose activities are coordinated through the machinery of the United Nations Economic and Social Council. Each of these "Specialized Agencies" make annual or biennial reports to the Economic and Social Council. The UN General Assembly has the

authority to review and examine their budgets and to make recommendations. Moreover, the defending attorneys would likely be assigned from the New York headquarters, where their legal department resides, making another forum less inconvenient from a practical standpoint. Also, the remaining defendants in this suit, as international civil servants, are answerable to the United Nations itself, and therefore fall under its purview. The totality of circumstances demonstrates that Plaintiff has a bona fide connection to the United States.

An alternative forum would not adequately adjudicate this dispute. The only other possible forum for this case is in Geneva, Switzerland. The Swiss court system operates under a civil law jurisdiction and does not have the same constitutional protections afforded by the US legal system, nor does it have a record of providing vindication of important individual rights as do US courts—the very reason Congress passed the ATCA[1]. Pursuant to the Headquarters Agreement entered between the Swiss Confederation and the WMO, the WMO and its officials are absolutely immune from civil or criminal process brought under the laws of Switzerland (unless such immunity is voluntarily lifted by the organisation[2]). The Plaintiff will be happy to provide the Court with an opinion from local Swiss counsel confirming the foregoing status of the WMO's immunity under Swiss law if given adequate leave to do so. As there is no way to actually bring a claim like the present one to a Swiss court due to the WMO's immunity in Switzerland, the proper forum is the Southern District.

Finally, in balancing the private and public interest factors implicated by the choice of forum that the Supreme Court set out in Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508-9 (1947), Plaintiff maintains that the balance of these factors favors suit in the Southern District. With regard to private interest factors, Plaintiff asserts that access to sources of proof would be relatively easy to secure. Indeed, the information regarding fraud and corruption within WMO which is the subject of this suit has already been pooled and can easily be shared upon request. Also, the process to secure the attendance of unwilling witnesses could be easily completed upon approval by this court to hear the case. Further, although the cost of obtaining the attendance of witnesses might be considerable, it would not be prohibitive, as there are few witnesses outside of the defendants themselves who could be called to testify. The issue of viewing the premises is not relevant to this action. Finally, other practical problems that make trial of a case easy, expeditious and inexpensive do not weigh in favor of another forum because the case will likely involve witnesses, documents and other evidence from several countries, not just the United States or Switzerland.

With regard to the public interest factors to be weighed, Plaintiff does not foresee any administrative difficulties in this court or burdens on the jury pool. Further, Switzerland does not have an interest in deciding this case as a "home" issue since, even though the United Nations has a large installation located in Geneva, it is not a Swiss entity. Lastly, it is

---

[1] The Plaintiff expects that she will need to assert claims under the First, Fifth and Seventh Amendments in order to prevail in her claims against the WMO, and she does not believe that a Swiss Court can properly adjudicate such issues.

[2] The Plaintiff has requested the WMO through its Secretary-General Michel Jarraud to lift the immunity of the WMO, himself and other named and potential defendants, but to date, the immunity has not been lifted, and the Plaintiff does not expect that it will be lifted.

2

appropriate for a United States court to try this case because it is a forum which is familiar with the governing law of the case.

Plaintiff respectfully requests the court to consider the above-cited reasons for why venue is proper in the United States District Court for the Southern District of New York, and grant her leave to continue her case therein. Without such leave, the Plaintiff believes that she will be denied her day in court, and will not be able to obtain adequate remedies for the severe damage which she alleges she has suffered. Alternatively, Plaintiff requests a hearing in which she may further explain her reasons for seeking redress in this court.

Respectfully submitted,

Monika Ona Bileris, Esq. [MB1121]
212 West 104 Street, 4D
New York, New York 10025
monika.bileris@gmail.com
Tel. 917-826-4588
Fax 443-587-0452

Edward Patrick Flaherty, Esq.
Schwab, Flaherty, Hassberger, Crausaz & Associes
Case postale 510
CH-1211 Geneva 17, Switzerland
flaherty@sfhc.ch
Tel. 4122 840 5000
Fax 4122 840 5055

> Request DENIED. Having considered plaintiff's response, the Court disagrees. None of the reasons stated for maintaining this action in this district have merit. Accordingly, the Court directs the Clerk of Court to dismiss this action and to close the case. A statement of the Court's reasons and legal analysis will follow.
> SO ORDERED:
> 4-30-07
> DATE    VICTOR MARRERO, U.S.D.J.

3