USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/3/08

MONIKA ONA BILERIS, ESQ. ORIGINAL

605 WEST 112 STREET, #6J, NEW YORK, NEW YORK 10025
TEL: (917) 826-4588 ♦ FAX: (443) 587-0452

**MEMO ENDORSED**

E-MAIL: MONIKA.BILERIS@GMAIL.COM

Hon. Victor Marrero, United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

March 28, 2008

RE: *Veiga v. WMO, Jarraud et al* (Case N°. N°. 07CV3182[VM])

Dear Judge Marrero:

    We are writing to you concerning the above referenced case. This letter is sent *ex-parte* for, as you will see from the below and attached, the Swiss government has recently indicated to us its refusal to complete service of the translated complaint, summons, and Plaintiff's Motion for Reconsideration (which motion requested the Court to make its dismissal of this action on the basis of *forum non conveniens* expressly conditional upon the Defendants' waiver of their immunity and other procedural defenses before a competent Swiss tribunal in order to allow the plaintiff to prosecute her claims before such a tribunal in Switzerland). Therefore, the plaintiff believes it would be pointless to try to serve this letter on the Defendants as such service would likely not be completed by the Swiss authorities.

    Pursuant to this Court's express order dated July 6, 2007, the plaintiff had the complaint, summons,[1] and her Motion for Reconsideration of May 10, 2007, translated into French, and served same by first class, certified mail on the Swiss Office for Judicial Service in Bern, Switzerland on or about August 30, 2007, pursuant to the Hague Convention on the Service Abroad of Judicial or Extrajudicial Documents in Civil or Commercial matters dated 15 November 1965 to which both the United States and Switzerland are signatories.

    On or about December 1, 2007, plaintiff's counsel received a one-line notice (Attachment 1) from the Canton of Geneva Attorney General (the Swiss official responsible for serving foreign civil process on defendants located in Geneva) for the defendants WMO, Jarraud and Cortes stating "Enclosed herewith please find your documents, service of which

---

[1] The complaints and summons concerning defendants WMO, Jarraud, Cortes and Muller, all residents of Switzerland, were duly translated and transmitted to the Swiss judicial authorities; the defendant Iwona Rummel--Bulska is a resident of Nairobi, Kenya, and has been served (on or about 30 August 2007) with a copy of the complaint, summons, and Motion for Reconsideration pursuant to the New York state long-arm statute (Kenya is not a signatory to the applicable Hague Convention on service and process, nor does it prohibit service by means legal in the state from which service originates as does Switzerland). As of the present date, defendant Iwona Rummel-Bulska has not filed an answer to the complaint and summons, nor a reply to the said Motion for Reconsideration.

has not been executed. Enclosed with the one line notice were the original complaints, summons and copies of the Motion for Reconsideration for defendants WMO, Jarraud and Cortes."

Both troubled and confused by this correspondence, plaintiff's counsel wrote on or about 14 December 2007 (Attachment 2, copied to the Court) to the Swiss authorities in Bern to whom the original pleadings and translations had been forwarded in August 2007, reminding them that under Article 13 of the said Hague Convention, it is provided:

> "Where a request for service complies with the terms of the present Convention, the State addressed may refuse to comply therewith only if it deems that compliance would infringe its sovereignty or security.
>
> *It may not refuse to comply solely on the ground that, under its internal law, it claims exclusive jurisdiction over the subject-matter of the action or that its internal law would not permit the action upon which the application is based.*
>
> *The Central Authority shall, in case of refusal, promptly inform the applicant and state the reasons for the refusal"* (emphasis added).

In view of the failure or refusal of the Geneva Attorney General to properly serve the subject documents as requested pursuant to the said Hague Convention, plaintiff's counsel also asked the Swiss authorities pursuant to the above referenced Article 13 to promptly advise them in writing of the reasons for such refusal to properly serve the subject pleadings.

On or about 19 February 2008, plaintiff's counsel received a faxed letter (Attachment 3) from the said Swiss authorities, replying to the plaintiff's letter of 14 December 2007. In their reply, the Swiss authorities indicated that the pleadings had in fact been duly served upon the defendants WMO, Jarraud and Cortes, on or about October 1, 2007, but that such pleadings "had not been accepted" by the defendants, and therefore, the Swiss government was unable to formally certify the service of same.

Therefore, in view of the fact that defendants WMO, Jarraud and Cortes were properly served with the applicable summons, complaint and Motion for Reconsideration (with their respective translations) by Swiss authorities pursuant to the said Hague Covention, and as the defendants WMO, Jarraud and Cortes[2] have through the present date failed to answer the summons and complaint,[3] or to otherwise reply to or oppose the Motion for Reconsideration, the plaintiff respectfully requests this Honorable Court to accept the letter of the Swiss judicial authorities (Attachment 3) as a valid proof of service for Defendants WMO, Jarraud and Cortes. The Plaintiff further requests the Court to allow its said Motion for Reconsideration dated May 10, 2007, and to instruct the Clerk to re-open this case and place same back on the Court's docket in light of the defendant WMO, Jarraud, Cortes and Rummel-Bulska's failure to waive their immunity and statute of limitation defenses in order to allow the plaintiff to bring her claims before a competent Swiss tribunal.

---

[2] Defendant Iwona Rummel-Bulska has also failed through the present date to answer the summons and complaint or to reply to the Motion for Reconsideration.
[3] As the Court is aware, "refusing to accept service" is not an option under Rules 4 and 12 of the FRCP. In the events the Defendants wished to object to the service, they were obligated to file such objection within twenty (20) days of service of the pleadings, as provided in FRCP 12(a) and (b).

2

In the event this Court is not inclined to accept said letter as a valid proof of service for such defendants, then the plaintiff by this letter respectfully requests this Court to allow service of the said defendants WMO, Jarraud, Cortes and Muller[4] by serving a copy of the applicable complaint, summons, and Motion for Reconsideration (with their respective translations in French) upon the defendant WMO's representative offices located in New York City or by such other alternative method of service as the Court orders.[5]

Sincerely,

_____
Monika Ona Bileris, Esq. [MB1121]
605 West 112 Street, 6J
New York, New York 10025
monika.bileris@gmail.com
Tel. 917-826-4588
Fax 443-587-0452

_____
Edward Patrick Flaherty, Esq.
Schwab, Flaherty, Hassberger, Crausaz & Associes
Case postale 510
CH-1211 Geneva 17, Switzerland
flaherty@sfhc.ch
Tel. 41 22 840 5000
Fax 41 22 840 5055

Enclosures
cc: client

> Plaintiff is authorized to serve the translated summons, complaint and reconsideration motion on defendant World Meteorological Organization (WMO) by personal delivery and mail with return receipt upon the WMO representative in New York, insofar as not inconsistent with any applicable provision of international treaty or national law.
> SO ORDERED:
> 3-2-08
> DATE       VICTOR MARRERO, U.S.D.J.

---

[4] The pleadings to be served on the defendant Muller were also transmitted to the Swiss judicial authorities on or about 30 August 2007, who then forwarded same to the Attorney General for the Canton of Vaud which is adjacent to the Canton of Geneva, where the defendant Muller was believed to reside. It appears however that the pleadings contained an erroneous address for the defendant Muller, and that the said defendant in fact resided in the Canton of Geneva as well. The Attorney General of Vaud forwarded the summons, complaint and Motion for Reconsideration to the Attorney General of Geneva for service at the correct address of defendant Muller, but as of the present date, the plaintiff has not received any notice from the Geneva Attorney General, and has made inquiry with said Attorney General, but expects that the reply will be the same as it was for defendants WMO, Jarraud and Cortes—that service of the pleadings was refused.

[5] Should the Court be inclined to order service by publication in Switzerland, the plaintiff believes that Switzerland will treat same as a violation of its sovereignty as such means of service is not expressly provided for under the said Hague Convention.

3